IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3006-D

| | | |
|---|---|---|
| MARK MCGARRETTE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN JOHN TRACY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On January 20, 2011, Mark McGarrette Lewis ("Lewis" or "plaintiff"), a federal inmate proceeding pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1].[1] Lewis seeks leave to proceed in forma pauperis [D.E. 6]. On January 28 and March 14, 2011, Lewis filed motions to amend his complaint [D.E. 5, 14]. On February 15, 2011, Lewis filed a "motion to subpoena" [D.E. 11], which appears to seek discovery. In addition, between January 21 and February 14, 2011, Lewis filed several documents which the court construes as supplements to his complaint [D.E. 2, 4, 8-10]. As explained below, plaintiff has failed to state a claim upon which relief may be granted, and the action is dismissed as frivolous.

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state

---

[1] The caption of Lewis's original complaint appears to name "Lashanada Taylor Lewis (trustee)" as an additional plaintiff. [D.E. 1] at 1. To the extent that Lewis attempts to assert any claims on behalf of any other individual, plaintiff is not a lawyer and may not assert any claim on behalf of another prisoner. See Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished); Fowler v. Lee, 18 Fed. App'x 164, 165 (4th Cir. 2001) (per curiam) (unpublished); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam).

a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 2011 WL 500227 (U.S. June 27, 2011) (No. 10-1016); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

As for Lewis's motions to amend, a party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). Because Lewis's complaint is subject to review under section 1915A, no defendant has been served. Accordingly, Lewis's motions to amend [D.E. 5, 14] are granted, and the court reviews all of Lewis's filings together with the original complaint to determine whether Lewis has stated a claim upon which relief may be granted.

2

Lewis's complaint is not a model of clarity; however, it appears that his primary claim relates to a disciplinary proceeding against him, in which Lewis was charged with threatening a staff member with bodily harm. See, e.g., [D.E. 1], Exs. at 2 (incident report). Lewis disputes the basis for the disciplinary charge, and generally alleges that he has "been assaulted by staff, . . . abused by staff racially, . . . mentally and verbally degraded by staff[,] . . . threatened by staff[,] . . . put in jeopardy by staff[,] . . . denied access to law library, legal calls and the administrative remedy process[.]" [D.E. 1] at 6. For all of his claims, Lewis seeks "to be moved to an institution within my region at my custody level, . . . and compensated for these abuses that have been allowed to go on for over 60+ days in the amount of $3500.00 per day for abuse of authority, 1 million for racial abuse and degradation, and for the threats and retaliation 1.5 million or as this court sees fit for a total of 2.6 million dollars or an adverse settlement and relocation[.]" [D.E. 1] at 4-5.

To the extent Lewis challenges any aspect of a disciplinary charge or proceeding against him, including any punishment imposed as a result of a disciplinary conviction, see, e.g., [D.E. 1] at 4 (describing "a bogus incident report"); [D.E. 4] at 1 ("I have been forced into a D.H.O. hearing with an administrative cho[]sen staff rep against my will"); [D.E. 5] at 2 (describing issues with "the D.H.O. package"), to recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Edwards v. Balisok, 520 U.S. 641, 643, 648 (1997) (extending Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), to inmate disciplinary convictions). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v.

3

McDonnell, 273 Fed. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Although Heck does not apply to all suits challenging prison disciplinary proceedings,[2] Lewis claims violations of his due process rights and challenges the sufficiency of the evidence against him. Thus, Lewis challenges the validity of his disciplinary convictions. See Edwards, 520 U.S. at 645–47. Because Lewis's disciplinary conviction has not been overturned or otherwise invalidated, Lewis cannot proceed with his Bivens claim concerning his disciplinary conviction.

Next, the court addresses Lewis's claim concerning the denial of administrative remedy forms or issues with the administrative remedy process. Lewis alleges he was "refused BP 8 and BP 10 forms by unit manager Lindsay on Dec 17th[,]" and that "[o]n 1-18-2011 at 7 pm approx. Mrs. McNair S.H.U. attempted to force me to accept an out of time BP-9 that does not state the date on which it was returned[.]" [D.E. 1], Exs. at 5; [D.E. 2]. A prisoner has no constitutional right to participate in the grievance process. See Adams, 40 F.3d at 75. Thus, plaintiff fails to state a claim against any defendant concerning administrative remedy forms.

To the extent Lewis challenges his custody classification, his placement in segregated confinement, or seeks a transfer to another prison, see [D.E. 1], Exs. at 5; [D.E. 4]; [D.E. 8] at 1; [D.E. 9], such a claim is frivolous. A prisoner has no right to a specific custody classification, to a transfer, to a non-transfer, or to work release. See, e.g., O'Bar v. Pinion, 953 F.2d 74, 82–83 (4th Cir. 1991). Additionally, to the extent Lewis seeks a preliminary injunction "to quell any transfer off of this region unless it is to Bennettsville SC or Williamsburg SC or Petersburg VA[,]" [D.E. 8] at 1, the standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281

---

[2] See Muhammad v. Close, 540 U.S. 749, 751 (2004) (per curiam) ("Heck's requirement to resort to state litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence.").

4

n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the Ninth Circuit's "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 21. See also Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Lewis has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Lewis has failed to meet his burden of proof. Accordingly, the court denies Lewis's request for a preliminary injunction.

As for Lewis's allegations concerning denial of access to the law library, Lewis has provided the court with a list of dates on which he was denied such access, [D.E. 1], Exs. at 6, and states that not being allowed to go to the law library prevented him from "research[ing] my [criminal] case and provid[ing] the correct case law and citings" in a motion filed in his criminal case, which the court "denied for insufficiency and . . . not understanding the base intent of my action, also having my issue declared moot[.]" [D.E. 14] at 1. Lewis has provided the court with his criminal case number, and the court has reviewed the docket in United States v. Lewis, Criminal No. 4:09-949-RBH (D.S.C.). The district court fully considered Lewis's motion to reduce his sentence and denied it

5

because Lewis's case did not fall within the parameters of either the Fair Sentencing Act of 2010 or 18 U.S.C. § 3582(c)(2). Lewis, Criminal No. 4:09-949-RBH, [D.E. 105] (D.S.C. Jan. 18, 2011) (unpublished). Therefore, Lewis has not plausibly alleged an injury resulting from being denied access to the law library. Thus, Lewis has failed to state a claim upon which relief can be granted, and this claim is dismissed.

As for Lewis's inability to make unspecified "legal call[s,]" [D.E. 1], Exs. at 6, inmates have a right to reasonable access to state and federal courts and to communicate with attorneys. See, e.g., Lewis v. Casey, 518 U.S. 343, 350–51 (1996); Ex parte Hull, 312 U.S. 546, 549 (1941); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978) (per curiam). However, in order to state such a claim, the inmate must show actual injury or that defendant's conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis, 518 U.S. at 351–57; Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc). Moreover, isolated incidents without negative consequences to plaintiff do not constitute a deprivation of one's constitutional rights. See, e.g., Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983). Nothing in Lewis's complaint plausibly suggests that defendants have prevented Lewis from contacting an attorney. Indeed, it appears that the "legal calls" at issue related to Lewis's desire "to find out statis [sic] of case pending in civil court in Marion SC." [D.E. 1], Exs. at 5. To the extent that Lewis is complaining about an inability to telephone an attorney, Lewis has no constitutional right to telephone an attorney. See Saunders v. Dickerson, No. 1:07cv1094(LMB/BRP), 2008 WL 2543428, at *4 (E.D. Va. June 25, 2008) (unpublished), aff'd, 313 F. App'x 665 (4th Cir. 2009) (per curiam) (unpublished). After all, the right at issue relates to contacting an attorney, and Lewis (as evidenced by his multiple filings) can write to an attorney. Thus, Lewis has failed to state a claim upon which relief can be granted, and this claim is dismissed.

6

Next, the court addresses Lewis's allegations concerning threats by correctional staff. Lewis alleges that his work supervisor "threw pans of preped [sic] food to the floor, threw hot coffee that splashed on me, kicked over trash cans and milk crates[,]" "racially abused" him and called him by a racial slur. [D.E. 1] at 3; [D.E. 5] at 3. Lewis further alleges that he was "told by LT Chase someone would be put in my cell to harm me." [D.E. 1] at 6. To the extent Lewis alleges that any defendant threatened him, but fails to allege that such defendant took steps to carry out the threat, Lewis fails to state a claim. See, e.g., Wilson v. McKellar, 254 Fed. App'x 960, 961 (4th Cir. 2007) (per curiam) (unpublished); Carter v. Morris, 164 F.3d 215, 219 n.3 (4th Cir. 1999); Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992). Additionally, to the extent that Lewis alleges that a correctional officer threatened to harm him by housing him with another inmate, "prison officials . . . must take reasonable measures to guarantee the safety of the inmates[,]" but will not be liable for a failure to protect a pretrial detainee unless "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 832–33, 837 (1994) (quotation and citation omitted). Lewis does not allege that he suffered any injury stemming from being housed with anyone, and thus his allegations fall far short of this standard. Moreover, as for Lewis's allegations of "racial abuse[,]" racist "comments, while undoubtedly offensive and inappropriate, cannot form the basis of a § 1983 claim." Brand v. Hamilton, No. 3:10cv377/LAC/MD, 2010 WL 4973358, at *5 (N.D. Fla. Oct. 27, 2010) (unpublished) (collecting cases), report and recommendation adopted, 2010 WL 4955400 (N.D. Fla. Dec. 1, 2010). Thus, Lewis has failed to state a claim upon which relief may be granted, and this claim is dismissed.

Next, the court addresses Lewis's claim concerning his food. Lewis alleges that he has "had

7

my food sneezed in on purpose with malicious intent and daily they sit my food where the bowl brush goes which is nasty when asked to replace food they say eat it or die." [D.E. 1] at 4. "It is well-established that inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (quotation and citation omitted); Bolding v. Holshouser, 575 F.2d 461, 465 (4th Cir. 1978). Lewis fails to allege any injury from the food, or to connect any named defendant to the allegedly unsanitary food. Thus, Lewis has failed to state a claim upon which relief may be granted, and this claim is dismissed.

For the reasons stated, the court GRANTS plaintiff's motions to amend [D.E. 5, 14], DISMISSES plaintiff's action as frivolous under 28 U.S.C. § 1915A, and DENIES AS MOOT plaintiff's motion to subpoena [D.E. 11]. The Clerk of Court is directed to close the case.

SO ORDERED. This 29 day of August 2011.

JAMES C. DEVER III
United States District Judge